## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
## SAVANNAH DIVISION

| | | |
|---|---|---|
| LETTERIOUS ALEXANDER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV425-015 |
| | ) | |
| AARON PINEIRO, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| LETTERIOUS ALEXANDER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV425-093 |
| | ) | |
| JEFFERY TISDALE, | ) | |
| | ) | |
| Defendant. | ) | |

## <u>ORDER</u>

These two cases involve civil claims arising out of a crash involving a prison transport bus near Savannah, Georgia. *Pro se* Plaintiff Letterious Alexander, who is currently incarcerated at Johnson State Prison, was being transferred from Jackson State Prison, in Butts County, Georgia, to Coastal State Prison in Chatham County in March 2023. *See, e.g.,* CV425-015, doc. 1 at 3, 5. The first Complaint, filed in

the Savannah Division, asserts 42 U.S.C. § 1983 claims against Defendant Sergeant Adams, the prison employee who drove the bus, Defendants Sergeant Gaston and CERT Officer Zek, guards who supervised Alexander's transportation, Defendants Pineiro and Glenn, Warden and Deputy Warden, respectively, of Coastal State Prison, and Defendants Gibbs and Gillison, guards at Coastal State Prison. *See* CV425-015, doc. 1 at 5-7. Shortly after that Complaint was filed, Alexander filed a second Complaint, which was assigned to this Court's Dublin Division, and has now been transferred to the Savannah Division. *See, e.g.,* CV425-093, doc. 12 (Order transferring case from the Dublin Division). Judge Bowen recently found the second Complaint alleges a state law negligence claim against the driver of the vehicle that caused the prison bus to crash. *See generally* doc. 11. The Court enters this Order to address several procedural issues in both cases.

First, Alexander has failed to comply with the Court's Order in CV425-015 permitting him to proceed *in forma pauperis*. *See* CV425-015, doc. 5. The Court directed Alexander to return two forms to proceed *in forma pauperis*. *See id.* at 4-6. Alexander returned only one of the required forms. *See* CV425-015, doc. 10. As the Court's Order explained,

failure to return the forms timely would be construed as indicating "that plaintiff desires to have this case voluntarily dismissed." CV425-015, doc. 5 at 5. However, as discussed more fully below, Plaintiff's submission of additional motions indicates, on the contrary, that he wishes to pursue case CV425-015. *See, e.g.,* CV425-015, doc. 9. The first issue that must be addressed, therefore, is whether Alexander wishes to pursue CV424-015. If he does, he must complete and return the missing Consent to Collection of Fees from Trust Account form. If he wishes to pursue case number CV425-015, he is **DIRECTED** to return the missing form by no later than May 12, 2025. The Clerk is **DIRECTED** to enclose a blank copy of the Consent to Collection of Fees from Trust Account form with this Order for Alexander's convenience. Alexander is also **DIRECTED** to explain why he failed to return that form, as directed in the Court's prior Order.

The Court will also address Alexander's request for court-appointed counsel in CV425-015. *See* CV425-015, doc. 9. First, Alexander has no constitutional right to counsel in either of these civil cases. *Wright v. Langford*, 562 F. App'x 769, 777 (11th Cir. 2014) (citing *Bass v. Perrin*, 170 F.3d 1312, 1320 (11th Cir. 1999)). "Although a court may, pursuant

to 28 U.S.C. § 1915(e)(1), appoint counsel for an indigent plaintiff, it has broad discretion in making this decision, and should appoint counsel only in exceptional circumstances." *Id.* (citing *Bass*, 170 F.3d at 1320). Appointment of counsel in a civil case is a "privilege that is justified only by exceptional circumstances, such as where the facts and legal issues are so novel or complex as to require the assistance of a trained practitioner." *Fowler v. Jones*, 899 F.2d 1088, 1096 (11th Cir. 1990) (citing *Poole v. Lambert*, 819 F.2d 1025, 1028 (11th Cir. 1987), and *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985)). General lack of education, including legal education, is also not a sufficient basis to require appointment of counsel. *See, e.g., Brown v. Wilcher*, 2021 WL 411508, at *1 (S.D. Ga. Feb. 5, 2021). Moreover, this Court has repeatedly recognized that "prisoners do not receive special consideration [for appointed counsel] notwithstanding the challenges of litigating a case while incarcerated." *Hampton v. Peeples*, 2015 WL 4112435, at *2 (S.D. Ga. July 7, 2015). Finally, Alexander's vague reference to "mental health impairments," doc. 9 at 1, is also not sufficient to require

appointment of counsel. *See, e.g., Kidwell v. Wagoner*, 2011 WL 13175897, at *1 (M.D. Fla. Feb. 11, 2011).

The Eleventh Circuit has explained that "the key" to assessing whether counsel should be appointed "is whether the *pro se* litigant needs help in presenting the essential merits of his or her position to the court. Where the facts and issues are simple, he or she usually will not need such help." *McDaniels v. Lee*, 405 F. App'x 456, 457 (11th Cir. 2010) (quoting *Kilgo v. Ricks*, 983 F.2d 189, 193 (11th Cir. 1993)). As Alexander's filings in this case are clear and cogent, and the issues related to his constitutional claims are not complex, the Court does not find any "exceptional circumstance" that warrants appointment of counsel. *Fowler*, 899 F.2d at 1096. His request for appointed counsel is, therefore, **DENIED**. CV425-015, doc. 9.

Prior to its transfer to this Division, CV425-093 was screened, *see* docs. 8 & 9, and Judge Bowen determined that "the case will proceed as a diversity case sounding in a state law claim of negligence," doc 9 at 4. He further directed that "[t]he Magistrate Judge shall initiate the appropriate procedure and issue any necessary order to move the case forward, including an inquiry into the appropriate venue for the case."

*Id.* Based on that instruction, Judge Epps transferred the case to this Division. CV425-093, doc. 12. The Court will, therefore, direct service upon Defendant Tisdale.

Since Alexander has been authorized to proceed *in forma pauperis*, he is entitled to service by the United States Marshal. *See* Fed. R. Civ. P. 4(c)(3). Since the Court approved his state law negligence claim for service, a summons, a copy of his Complaint, CV425-093, doc. 1, Judge Epps' Report and Recommendation, CV425-093, doc. 8, Judge Bowen's Order, CV425-093, doc. 11, the transfer Order, CV425-093, doc. 12, and this Order, shall be served by the United States Marshal upon Defendant Tisdale without prepayment of cost. Fed. R. Civ. P. 4(e). The Court **DIRECTS** the Clerk of Court to serve a copy of this Order upon Plaintiff. The Court also provides the following instructions to the parties that will apply to the remainder of this action.

## INSTRUCTIONS TO ALL DEFENDANTS IN THIS ACTION

Because Plaintiff is proceeding *in forma pauperis*, the undersigned directs service be effected by the United States Marshal. Fed. R. Civ. P. 4(c)(3). In most cases, the marshal will first mail a copy of the complaint to a defendant by first-class mail and request the defendant waive formal

service of summons.  Fed. R. Civ. P. 4(d); Local R. 4.5.  A defendant has a duty to avoid unnecessary costs of serving the summons, and any defendant who fails to comply with the request for waiver must bear the costs of personal service unless good cause can be shown for the failure to return the waiver.  Fed. R. Civ. P. 4(d).  Generally, a defendant who timely returns the waiver is not required to answer the complaint until 60 days after the date the marshal sent the request for waiver.  Fed. R. Civ. P. 4(d)(3).

**IT IS FURTHER ORDERED** that any Defendant in this action is granted leave of court to take the deposition of Plaintiff upon oral examination.  Fed. R. Civ. P. 30(a)(2).  Defendants are further advised the Court's standard 140-day discovery period will commence upon the filing of the last answer.  Local R. 26.1.  Defendants shall ensure all discovery, including Plaintiff's deposition and any other depositions in the case, is completed <u>within that discovery period</u>.

If a Defendant takes the deposition of any other person, Defendants are ordered to comply with the requirements of Federal Rule of Civil Procedure 30.  As Plaintiff will not likely attend such a deposition, the Defendant taking the deposition must notify Plaintiff of the deposition

and advise him that he may serve on that Defendant written questions Plaintiff wishes to propound to the witness, if any. Defendants shall present such questions to the witness in order and word-for-word during the deposition. Fed. R. Civ. P. 30(c). Plaintiff must submit the questions in a sealed envelope within 10 days of the notice of deposition.

## <u>INSTRUCTIONS TO PLAINTIFF</u>

Plaintiff is charged with the responsibility of **immediately** informing this Court and defense counsel of any change of address during the pendency of this action. Local R. 11.1. Plaintiff's failure to notify the Court of a change in her address **may result in dismissal of this case**.

**IT IS FURTHER ORDERED** that Plaintiff shall serve a copy of every pleading or other document submitted for consideration by the Court on each Defendant (or, if appearance has been entered by counsel, the Defendant's attorney). Plaintiff shall include with the original paper to be filed with the Clerk of Court a certificate stating the date on which a true and correct copy of any document was mailed to each Defendant or the Defendant's counsel. Fed. R. Civ. P. 5. "Every pleading shall contain a caption setting forth the name of the court, the title of the action, [and] the file number." Fed. R. Civ. P. 10(a).

8

Plaintiff has the responsibility for pursuing this case. For example, if Plaintiff wishes to obtain facts and information about the case from a Defendant, Plaintiff must initiate discovery. *See generally* Fed. R. Civ. P. 26 to Fed. R. Civ. P. 37. Discovery materials should **not** be filed routinely with the Clerk of Court; exceptions include: when the Court directs filing; when a party needs such materials in connection with a motion or response, and then only to the extent necessary; and when needed for use at trial. Local R. 26.4.

Plaintiff has the responsibility for maintaining her own records of the case. If Plaintiff loses papers and needs new copies, she may obtain them from the Clerk of Court at the standard cost of fifty cents ($.50) per page.

If Plaintiff does not press his case forward, the court may dismiss it for failure to prosecute. Fed. R. Civ. P. 41; Local R. 41.1.

It is Plaintiff's duty to cooperate in any discovery initiated by a Defendant. Upon no less than five days' notice of the scheduled deposition date, Plaintiff must appear and permit his deposition to be taken and must answer, under oath or solemn affirmation, any question

which seeks information relevant to the subject matter of the pending action.

As the case progresses, Plaintiff may receive a notice addressed to "counsel of record" directing the parties to prepare and submit a Joint Status Report and a Proposed Pretrial Order. A plaintiff proceeding without counsel may prepare and file a unilateral Status Report and is <u>required</u> to prepare and file her own version of the Proposed Pretrial Order.

## <u>ADDITIONAL INSTRUCTIONS TO PLAINTIFF REGARDING MOTIONS TO DISMISS AND MOTIONS FOR SUMMARY JUDGMENT</u>

A Defendant may choose to ask the Court to dismiss this action by filing a motion to dismiss, a motion for summary judgment, or both. Under this Court's Local Rules, a party opposing a motion to dismiss shall file and serve her response to the motion within 14 days of its service. Failure to respond shall indicate that there is no opposition to a motion. Local R. 7.5. Therefore, if Plaintiff fails to respond to a motion to dismiss, the Court will assume that she does not oppose the Defendant's motion. Plaintiff's case may be dismissed for lack of prosecution if Plaintiff fails to respond to a motion to dismiss.

Plaintiff's response to a motion for summary judgment must be filed within 21 days after service of the motion.  Local R. 7.5, 56.1.  The failure to respond to such a motion shall indicate that there is no opposition to the motion.  Furthermore, each material fact set forth in a Defendant's statement of material facts will be deemed admitted unless specifically controverted by an opposition statement.  If a Defendant files a motion for summary judgment, Plaintiff will have the burden of establishing the existence of a genuine dispute as to any material fact in this case.  That burden cannot be met by reliance on the conclusory allegations contained within the complaint.  If a Defendant's motion for summary judgment is supported by affidavit, Plaintiff must file counter-affidavits if she wants to contest Defendant's statement of the facts.  If Plaintiff fails to file opposing affidavits setting forth specific facts showing that there is a genuine dispute for trial, any factual assertions made in the Defendant's affidavits will be accepted as true and summary judgment may be entered against Plaintiff pursuant to Federal Rule of Civil Procedure 56.

Finally, in order to efficiently manage both of Alexander's cases, the Court will require the parties in CV425-093 to state their positions on whether that case should be consolidated with CV425-015, assuming that

Alexander wishes to pursue it and adequately complies with the directions above. Where "actions before the court involve a common question of law or fact," the court may join the actions, in whole or in part, "to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a). Rule 42(a) "codifies a district court's inherent managerial power to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Young v. City of Augusta, Ga. Through DeVaney*, 59 F.3d 1160, 1168 (11th Cir. 1995) (internal punctuation and citation omitted). Consolidation under Rule 42(a) allows the Court to "eliminate unnecessary repetition and confusion." *Id.* at 1169 (internal punctuation and citation omitted). Although the two cases do not concern precisely the same facts, the bus collision is the factual nucleus of both. The Court, therefore, will require the parties to consider whether they believe any efficiency might be gained from consolidation, whether for limited purposes, *i.e.* discovery, or in *toto*. The

Court will enter a further Order concerning possible consolidation upon Tisdale's appearance in CV425-093.

      **SO ORDERED**, this 30th day of April, 2025.

CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA